Raymond E. FOGG, Plaintiff and Appellant,

v.

Londa F. FOGG, Defendant and Respondent.

No. 19004.

Supreme Court of Utah.

Sept. 29, 1983.

---

William J. Cayias, Salt Lake City, for plaintiff and appellant.

David B. Boyce, Salt Lake City, for defendant and respondent.

PER CURIAM:

This appeal is concerned primarily with what the appellant contends was an inequitable division of the marital estate in a divorce action. The appellant asserts that the court considered valuations arrived at dehors the record, that interest on the judgment should not have been awarded, and that the judgment invaded the corpus of a navy pension fund.

The parties were both middle-aged when they were married, which marriage sur-

---

vived for about six years. Before, during and after the marriage, the incomes of the parties were almost the same, as were their capabilities in the labor market. Each brought into the marriage certain vehicles and left with them, in value of kind. Both parties contributed about the same amount from their prior assets and incomes during the marriage, to maintain and improve a home brought to the marriage by appellant. There was a difference of opinion as to value of a $2,500 vacation plan jointly purchased. The appellant claimed it was worth $5,000 based on inadmissible tourist agency hearsay, which the court need not have believed.

The divorce procedure extended over a period of time on a highly ethical basis on the part of the parties' counsel and the court. It was conducted in part by correspondence, with a hearing, and while the matter was under advisement. The appellant's briefs aptly and candidly put the problem by saying "[t]he principal issue in dispute was the *equity* in a 3-room home . . . appraised at $44,890, which was apparently accepted by the court, and not controverted in the evidence."

Other evidence reflects that the appellant contributed the home to the marriage, valued at $22,205 at that time to which a $14,500 mortgage attached. While married, the appellant used $5,000 to $6,000 of his navy pension to improve the home, and respondent used $8,000 cash for the same purpose. During the marriage, the home doubled in value to a conceded $44,890, and the mortgage was reduced to $11,240, producing an increase in equity to $33,650. The court awarded the home to the appellant, subject to the mortgage and a $10,500 money judgment in favor of the respondent, at 12% interest, payable at $666 per month for a year and the balance due at the end of the period.

It appears that inasmuch as the respondent had contributed $8,000 in appreciating the value of the property, the $10,500 award to her actually may have inured to the benefit of the appellant who, in contrast, acquired a new and increased equity

in the home of $23,150. Any minor differentials with respect to value of vehicles awarded, interest allowed, or invasion of the navy pension plan, bonds, and the vacation plan is minimal in the overriding equity of the property division.

The court's division of the property in this case cannot suggest any prejudicial abuse of discretion justifying reversal under traditional appellate rules. Such rules customarily call for affirmance of judgments below, if supported by properly admitted evidence, believable by one charged with determining the controlling facts.

The judgment is affirmed, without any award of costs on appeal.